**Marie ASSA'AD–FALTAS, Plaintiff—Appellant,**

v.

**State of SOUTH CAROLINA; Nimrata Haley, as South Carolina governor; Alan Wilson, as South Carolina attorney general; Jean Toal, as administrative head of all South Carolina's state courts; Mark Keel, as chief of South Carolina's State Law Enforcement Division; Ken Lancaster, as acting head of South Carolina's Department of Public Safety; Leon Lott, as sheriff of Richland County, South Carolina and warden of the Alvin S. Glenn Detention Center; Jeanette McBride, as Richland County's Clerk of Court; William Nettles, as U.S. Attorney for the District of South Carolina, City of Columbia, Lesley Coggiola, Officially as South Carolina's Disciplinary Counsel all officially and solely for injunctive relief, Defendants—Appellees.**

No. 12–6388.

United States Court of Appeals, Fourth Circuit.

Submitted: Aug. 22, 2012.

Decided: Aug. 24, 2012.

Marie Therese Assa'ad–Faltas, Appellant Pro Se.

Before WILKINSON, GREGORY, and DIAZ, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marie Assa'ad–Faltas seeks to appeal the district court's order denying relief on her self-styled 28 U.S.C. § 2254 (2006) petition for a writ of habeas corpus. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2006). The magistrate judge recommended that relief be denied and advised Assa'ad–Faltas that failure to timely file specific objections to this recommendation would waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Wright v. Collins,* 766 F.2d 841, 845–46 (4th Cir. 1985); *see Thomas v. Arn,* 474 U.S. 140, 146–48, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Assa'ad–Faltas has waived appellate review by failing to file specific objec-

tions after receiving proper notice. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir.2007) ("We now conclude that a party ... waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues."). Accordingly, we deny a certificate of appealability, deny as moot Assa'ad–Faltas's motion for injunctive relief pending appeal, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*